IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INNOVATTEL PROPERTIES, LLC<br><br>Plaintiff<br><br>v.<br><br>MUNICIPALITY OF AGUADA;<br>HON. CHRISTIAN E. CORTÉS FELICIANO in his capacity as Mayor of the Municipality of Aguada; and WESLEY VEGA LÓPEZ in his capacity as Planning Director of the Municipality of Aguada<br><br>Defendants | CIVIL NO. |

**COMPLAINT**

TO THE HONORABLE COURT:

Innovattel Properties, LLC ("Innovattel" or "Plaintiff"), through counsel, for its complaint against Defendants alleges and prays:

**I. Jurisdiction and Venue**

1.      This Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. § 1331, because the claim arises under the Communications Act of 1934, as amended by the Telecommunications Act of 1996 ("Communications Act"), as amended.  47 U.S.C. §§151 et seq.  The Court has authority to issue declaratory judgment relief pursuant to 28 U.S.C. § 2201(a).  The court has further supplemental jurisdiction under 28 U.S.C. § 1367.

2.    Venue is proper in this District pursuant 28 U.S.C. §1391(b), because the acts complained of occurred in this judicial district where the Defendants reside.

## II. Parties

3.    Innovattel is a developer of telecommunications towers and necessary infrastructure for wireless telecommunications services in Puerto Rico, including the mobile wireless service known as Commercial Mobile Radio Service ("CMRS") by service providers duly licensed by the Federal Communications Commission ("FCC").

4.    The Municipality of Aguada is a municipality created under the Puerto Rico Municipal Code with a legislative and executive branch with authority to rule upon the matters that occur within the Municipality's territorial boundaries. The Municipality of Aguada has authority to sue and be sued.

5.    The Hon. Christian Cortés Feliciano is the Mayor of the Municipality of Aguada and is the maximum authority of the Municipality's executive branch. Mr. Cortés Feliciano is included in this Complaint in his official capacity as Mayor.

6.    Wesley Vega López is the Planning Director of the Municipality of Aguada and the person who signed, on behalf of the Municipality of Aguada, a notice to LUMA[1] denying the endorsement for the installation of electric poles needed to supply power to Innovattel's tower. The tower is already constructed pursuant to all applicable permits.

## III. Relevant Facts

7.    Innovattel is a developer of wireless telecommunications towers and related infrastructure for wireless telecommunications services in Puerto Rico, including the

---

[1] LUMA Energy is the electric power transmission and distribution company under contract with the Puerto Rico Energy and Power Authority (PREPA).

mobile wireless service known as CMRS, as defined in Section 9.3 of the rules of the FCC, 47 C.F.R. §9.3.  The Innovattel's towers are used by wireless service providers duly licensed by the FCC to offer CMRS in Puerto Rico.

8.    CMRS is a "personal wireless service" under the federal Communications Act.  47 U.S.C. §332(c)(7)(C)(i).

9.    CMRS also is a "telecommunications service" under the Communications Act.  47 U.S.C. §332(c)(1)(A).

10.    The telecommunication services are essential to education, public health and public safety.  47 U.S.C. §254(c)(1)(A).

11.    Innovattel provides the necessary infrastructure to CMRS providers duly licensed in Puerto Rico pursuant to §214(a) of the Communications Act, 47 U.S.C. § 214(a), and Article III-2 of the Puerto Rico Telecommunications Act of 1996, as amended, ("PRTCA").  27 L.P.R.A. §269a.

12.    Innovattel is authorized to access public rights of way in Puerto Rico for the installation of equipment to offer telecommunications services pursuant to Art. III-9 of the PRTCA. 27 L.P.R.A. §269g.

13.    In order to provide CMRS service in any particular geographical area, Innovattel develops wireless telecommunications tower that are used by wireless service providers to place their antennas and other transmission equipment.  These service providers supply the CMRS network by densifying its coverage, fill CMRS overage gaps, improve existing service, and support new services.

14.    To provide CMRS services and operate transmission equipment, the towers need to be supplied with electricity.

15.    Without electricity, the communication antennas and transmission equipment installed in the tower site would not be able to provide CMRS service to the geographic area that they were meant to serve.

16.    Fiber optics cables that connect transmission equipment in towers to core networks are "personal wireless service facilities" under §332(c)(7)(C)(ii) of the TCA.

17.    Innovattel obtained the necessary construction permits to install its telecommunications tower at State Road PR-414, Km 3.2 (interior), Río Grande Ward, in the Municipality of Aguada, Puerto Rico, (the "Tower"), to be used by the service providers to improve, densify, cover gaps and support new services in several areas of the Municipality of Aguada (the "Affected Area").

18.    In addition, Innovattel already received approval from LUMA for the design construction drawings and contracted with LUMA for the supply of electricity to the telecommunications tower.

19.    Moreover, Innovattel already paid the municipal taxes and the Municipal Business License ("Patente Municipal") to the Municipality of Aguada, pursuant to the Puerto Rico Municipal Code, as amended. 21 L.P.R.A. §7174.

20.    The CMRS service facilities at the Innovattel Tower are essential to provide personal wireless service to the Affected Area.

21.    In order to supply electricity to the Tower, Innovattel needs to install electric poles that interconnect the telecommunications tower with the closest connection point where the power supplied by LUMA is located.

22.    As part of the interconnection process to supply electricity to the Tower, LUMA requested the endorsement from the Municipality of Aguada to install the electric poles.

23.    On June 2, 2025, the Municipality of Aguada issued a notice to Engineer Omar Ortiz Acevedo, Senior Engineer of LUMA's Distribution Engineering, signed by Defendant Wesley Vega López as Planning Director of the Municipality of Aguada, purporting to deny its endorsement of the installation of the electric poles (the "Municipality's Denial").  See copy in **Exhibit 1**.

24.    The Municipality's Denial Notice does not even mention the existence of justifying evidence in the record, much less any supporting substantial evidence, thus, is in violation of and preempted by 47 U.S.C. §332(c)(7)(B)(iii).

25.    The Municipality's Denial has the effect of prohibiting Innovattel from completing the final completion of the already constructed and permitted wireless telecommunications tower and infrastructure needed to provide personal wireless service in violation of and preempted by 47 U.S.C. §332(c)(7)(B)(i)(II).

26.    On July 2, 2025, Innovattel submitted a formal request for reconsideration to the Municipality.  As of the date of the filing of this Complaint, the Municipality has failed to take any action whatsoever in response.  It has neither issued any form of response, nor undertaken the required reconsideration of its arbitrary denial.  This continued inaction constitutes a willful disregard of Innovattel's procedural rights and further evidences the Municipality's bad faith and deliberate indifference to its legal obligations.

## IV.  Cause of Action

**Defendants' Violation of 47 U.S.C. §332**

27.    Innovattel realleges and incorporates by reference the Relevant Facts above for all legal purposes.

28.    Under the TCA, local governments retain control "over decisions regarding the placement, construction, and modification of personal wireless service facilities." 47 U.S.C. §332(c)(7)(A).  However, the TCA imposes on localities several substantive and procedural limitations. *Town of Amherst v. Omnipoint Communications Enterprises, Inc.,* 173 F.3d 9, 15 (1st Cir.1999); *see also* 47 U.S.C. §332(c)(7)(B).  Local authorities must act upon "any request for authorization to place, construct, or modify personal wireless service facilities within a reasonable period of time." *Id.* §332(c)(7)(B)(ii).  If the local authority denies an application or request, its denial "must be in writing and supported by substantial evidence contained in a written record." *Id.* §332(c)(7)(B)(iii).  "Any person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof" may "commence an action in any court of competent jurisdiction." *Id.* §332(c)(7)(B)(v).

29.    The determination of whether the Municipality's Denial is supported by "substantial evidence contained in a written record, must be confined strictly to the administrative record that was before the Municipality of Aguada at the time of its decision. See *Green Mountain Realty Corp. v. Leonard*, 688 F.3d 40, 51 (1st Cir. 2012).

30.    A denial by a local government cannot be deemed supported by "substantial evidence" where there is no legitimate basis for the decision under applicable state or local law, or where the legal grounds asserted are preempted by federal law.  In such cases, the denial is inherently defective and legally unsustainable. See *Town of Amherst v. Omnipoint Communications Enters., Inc.*, 173 F.3d 9, 16 (1st Cir. 1999).  Here, the Municipality's

Denial does not even mention any grounds much less supporting evidence. Accordingly, it fails as a matter of law to satisfy the evidentiary standard imposed by 47 U.S.C. §332(c)(7)(B)(iii).

31. "Substantial evidence" review under the TCA is "the same as that traditionally applicable to a review of an administrative agency's findings of fact." *Southwestern Bell Mobile Sys. v. Todd*, 244 F.3d 51, 58 (1st Cir. 2001). (citing *Spring Spectrum L.P. v. Town of North Stonington*, 12 F.Supp.2d 247, 252 (D. Conn. 1998)).

32. A local regulatory agency or other body "is not free to prescribe what inferences from the evidence it will accept and reject but must draw all those inferences that the evidence fairly demands." *Id*. 244 F.3d at 59.

33. In *T-Mobile South LLC v. City of Roswell, Ga.*, 574 U.S. 293, 300–301 (2015), the United States Supreme Court unequivocally held that municipalities are required to provide a clear written denial that includes specific reasons for rejecting an application for the installation of personal wireless service facilities. A vague, conclusory, or **silent record** is legally insufficient. The Court made clear that such reasons must be contemporaneously available in the written record to permit meaningful judicial review. The Defendant's failure to articulate any legitimate, specific basis for its Denial renders its action not only arbitrary and capricious, but also in direct violation of binding federal precedent and 47 U.S.C. § 332(c)(7)(B)(iii).

34. By issuing the Municipality's Denial, all of the Defendants, the Municipality of Aguada, its Mayor, and its Director of Planning, have acted in concert to flagrantly violate the TCA. Their actions constitute an unlawful obstruction of federally protected rights under 47 U.S.C. § 332(c)(7), including, but not limited to, failing to act

within a reasonable period of time, issuing a denial unsupported by substantial evidence, and effectively prohibiting the provision of personal wireless services.  These violations are not merely procedural missteps; they are deliberate and unlawful exercises of power in direct contravention of federal law, warranting immediate judicial intervention and corrective relief.

WHEREFORE, Plaintiff Innovattel respectfully requests that the Court issue an Order and Judgment as follows:

1.    An expedited review of the matters set forth in this Complaint pursuant to 47 U.S.C. §332(c)(7)(B)(v);

2.    A declaration and judgment that the Municipality's Denial is not supported by substantial evidence in the written record and is therefore in violation of and preempted by 47 U.S.C. §332(c)(7)(B)(iii);

3.    A declaration and judgment that the Municipality's Denial has the effect of prohibiting Innovattel from infrastructure needed to provide personal wireless service in violation of and preempted by 47 U.S.C. §332(c)(7)(B)(i)(II);

4.    A declaration and judgment that the Municipality's Denial is preempted by 47 U.S.C. §332(c)(3)(A);

5.    An order requiring the Municipality to issue its endorsement to and allow the installation of the electric poles needed for the Plaintiff's wireless telecommunications tower;

6.    An order directing the Municipality to issue all ancillary approvals necessary for the completion of the wireless telecommunications tower, particularly the electrical connection needed for the wireless services;

7.    An award of Plaintiff's costs, including reasonable attorneys' fees; and

8.    Such other and further relief as the Court may deem just and proper.

RESPECFULLY SUBMITTED.

In Guaynabo, Puerto Rico, this 25th day of August, 2025.

> _s/_Rafael A. Toro-Ramírez
> USDC-PR No. 205204
> rtoro@toro-arsuaga.com
>
> TORO & ARSUAGA, LLSC
> Attorneys for Plaintiff
> PO Box 11064
> San Juan, P.R. 00922-1064
> Tel. (787) 299-1100   Fax  (787) 793-8593